BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:    (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:    Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY JAMES LUCKETT,<br>DAMIEN ZACKARY LEWIS, and<br>CHRISTOPHER MICHAEL CROSS,<br><br>    Defendants. | No. CR 15-00266 HSG<br><br>STIPULATION REGARDING REQUEST FOR: (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>Current Hearing Date:    October 26, 2015<br>Proposed Hearing Date:    November 30, 2015 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, defendant Jeremy James Luckett (LUCKETT), by and through his counsel of record, Rabin Nabizadeh and Ryan McHugh, defendant Damien Zackary Lewis (LEWIS), by and through his counsel of record, Edwin M. Prather, and defendant Christopher Michael Cross (CROSS), by and through his counsel of record, Irvin Leroy Simons, hereby stipulate as follows:

1

1.      On May 14, 2015, a federal grand jury returned an indictment against defendants LUCKETT, LEWIS, and CROSS (collectively, defendants). Defendants were charged with: (1) conspiracy to distribute, and to possess with intent to distribute, methamphetamine and cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(viii) and (b)(1)(B)(ii); (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); and (3) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

2.      All defendants have been made their initial appearances and have been arraigned on the charges. Defendant LUCKETT is detained pending trial. Defendants LEWIS and CROSS are presently on pre-trial release. A status conference is currently scheduled in this matter at 2 p.m. on Monday, October 26, 2015.

3.      The government has produced, and is continuing to produce, discovery in this case. In fact, the government has produced approximately 1,100 pages of discovery including criminal history and arrest reports, law enforcement reports, financial records, photographs, and travel and flight-related business records.

4.      Counsel for defendants represent that they require additional time to review and analyze the discovery, meet with their clients, and discuss the case with their clients. Counsel for defendants also represent that they will need additional time to conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Counsel for defendants also represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Counsel for defendants agree that the requested exclusion of time is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses. Thus, the time period of October 26, 2015, through November 30, 2015, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv).

5. Counsel for defendants represent that they have fully informed their clients of their Speedy Trial rights and that, to their knowledge, their clients understand those rights and agree to waive them. Defendants' counsel further believes that their clients' decision to give up the right to be brought to trial earlier than if time were not excluded from the Speedy Trial Act is an informed and voluntary one.

6. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 26, 2015

BRIAN J. STRETCH
Acting United States Attorney

/S/  *Garth Hire*
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

 /S/  *per e-mail authorization*                              10/21/2015
RABIN NABIZADEH/RYAN MCHUGH                    Date
Attorneys for Defendant
James Jeremy Luckett


 /S/  *per e-mail authorization*                              10/21/2015
EDWIN M. PRATHER                                              Date
Attorney for Defendant
Damien Zackary Lewis


 /S/  *per e-mail authorization*                              10/22/2015
IRVIN LEROY SIMONS                                            Date
Attorney for Defendant
Christopher Michael Cross

**ORDER**

The Court has read and considered the Stipulation Regarding Request for Continuance of Hearing Date and Findings of Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants and the government continuity of counsel and would deny defense and government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The time period of October 29, 2015, to November 30, 2015, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv). Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

October 26, 2015
DATE

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE

4