BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:   (510) 637-3723
    Facsimile:    (510) 637-3724
    E-mail:       Garth.Hire@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JEREMY JAMES LUCKETT, et al.,<br><br>    Defendants. | No. CR 15-00266 HSG<br><br>STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Garth Hire, defendant Jeremy James Luckett (LUCKETT), by and through his counsel of record, Rabin Nabizadeh and Ryan McHugh, and defendant Damian Zackary Lewis (LEWIS), by and through his counsel of record Edwin Prather, hereby stipulate as follows:

1. On May 14, 2015, a federal grand jury returned an indictment against the defendant charging him with: (1) Conspiracy to Distribute, and Possess with Intent to Distribute,

STIPULATION AND PROTECTIVE ORDER

Methamphetamine and Cocaine in violation of 21 U.S.C. § 846; and (2) Possession With Intent to Distribute, and Distribution of, Methamphetamine and Cocaine in violation of 21 U.S.C. § 841(a)(1).

2. The government believes that the proposed protective order is necessary to preclude discovery materials, some of which contain personal identifying information of witnesses and/or sensitive information regarding security protocols at the Oakland International Airport, from being unnecessarily circulated or disseminated. Co-defendant Christopher Cross, who made his initial appearance prior to the appearance of LUCKETT and LEWIS in this case, has already executed a stipulated protective which was subsequently issued by this Court.

3. The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in preventing dissemination of personal identifying information and sensitive airport security protocol information, while permitting the defense to obtain discovery necessary to defend against the charges. Accordingly, the parties jointly request that the Court order as follows:

a. For purposes of this order, the term "defense team" refers to: (1) the counsel of record for each individual defendant and any other attorneys and staff at his or her office given access to Confidential Discovery as defined in this Order; (2) defense investigators assisting counsel with this case; and (3) any expert witnesses who may be consulted or retained by the defense team. All members of the defense team to whom the documents or information covered by this protective order is disclosed shall be provided with and must review a copy of this stipulation and order. Counsel for each individual defendant shall maintain a record of the name of each defense team member to whom Confidential Discovery is disclosed. For purposes of this Order, the term "defense team" does not include the defendants in this case.

b. The government is authorized to provide each defense team with discovery including, but not limited to, documents and files which contain information related to airport security and/or personal identifying information, and may designate such discovery as "Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery with the Bates designation "CONFIDENTIAL" and may produce such discovery on a CD or DVD marked "WARNING: CONTENTS SUBJECT TO

STIPULATION AND PROTECTIVE ORDER    2

PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

        c.     Each individual defense team shall not permit anyone other than the defense team, including the defendant it represents, to have physical possession of Confidential Discovery.

        d.     Each individual defense team shall not make photographic or electronic copies of the Confidential Discovery.  Each defense team shall not divulge or show the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant it represents.  The defense team may show Confidential Discovery to the defendant in the physical presence of a defense team member but may not permit the defendant to have physical possession of Confidential Discovery.  Each individual defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's office, vehicles, or personal presence.

        e.     In the event that one of the parties files a pleading that includes or refers to information contained in Confidential Discovery then the pleading must be filed under seal.

        f.     Each individual defense team shall return all Confidential Discovery provided pursuant to this Order to the government, fourteen calendar days after any one of the following events, whichever occurs latest in time:  defendant's guilty plea; dismissal of all charges against defendant; defendant's acquittal by a jury or the Court; or the conclusion of any direct appeal following conviction by a jury or the Court.  In the event that a defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

        g.     After the conclusion of the proceedings in the district court or any direct appeal in the above-captioned case, the government will maintain a copy of all Confidential Discovery produced.  The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the government may destroy the documents.  In the event a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the Confidential Discovery under the same restrictions as trial and direct appeal defense

STIPULATION AND PROTECTIVE ORDER       3

counsel. A defendant's attorney in any action under 28 U.S.C. § 2255 shall return the Confidential Discovery fourteen calendar days after the district court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal of the district court's denial of the motion, whichever is later.

IT IS SO STIPULATED.

Dated: January 15, 2016

BRIAN J. STRETCH
Acting United States Attorney

        /S/
GARTH HIRE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

  /S/ *via e-mail authorization*                                     1/13/2016
RABIN NABIZADEH                                                      Date
RYAN McHUGH
Attorneys for Defendant
Jeremy James Luckett

  /S/ *via e-mail authorization*                                     1/8/2016
EDWIN PRATHER                                                        Date
Attorney for Defendant
Damian Zackary Lewis

**PROTECTIVE ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery. The parties are hereby ordered to comply with the conditions set forth in paragraphs 4(a)-(g) of this stipulation and protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

January 15, 2016
DATE

HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE